IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Transportes Aereos Pegaso, S.A. DE C.V., | ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | **VERIFIED COMPLAINT** |
| Bell Helicopter Textron, Inc., | ) ) | |
| Defendant. | ) ) | |

Plaintiff, Transportes Aereos Pegaso, S.A. DE C.V., by and through its undersigned counsel, files this Verified Complaint and alleges as follows:

THE PARTIES

1.      Transportes Aereos Pegaso, S.A. DE C.V. (hereinafter "TAP") is a company incorporated as a Variable Equity Public Corporation in Mexico with a principal place of business in Mexico City, Mexico.

2.      TAP specializes in the provision of air transport in Mexico for both business and personal travelers.

3.      Bell Helicopter Textron, Inc. (hereinafter "Bell"), is a Delaware corporation with its principal place of business in Fort Worth, Texas.

4.      Upon information and belief, Bell is a leading provider of vertical takeoff and landing aircraft.  Bell, including its related and affiliated companies, has multiple offices and facilities throughout the United States and abroad.

JURISDICTION AND VENUE

5.      This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties to this action and because the amount in controversy is in excess of $75,000.

6.      Venue is proper in the United States District Court, District of Delaware, pursuant to 28 U.S.C. § 1391(a) as a judicial district in which Defendant resides because Defendant is incorporated in the State of Delaware.

7.      An actual and justiciable controversy exists between the parties regarding a judgment pronounced by the Supreme Court of Justice of the Federal District of Mexico, docket number 22721 2003-3, and published in the judicial bulletin dated March 22, 2006, in which, after trial and appeal, Bell was ordered to pay TAP sixteen million five hundred and ninety-nine thousand nine hundred and twenty-four dollars ($16,599,924) and six million two hundred ninety three thousand one hundred ninety-eight pesos and twenty-two cents (6,293,198.22 pesos) (hereinafter "the Final Judgment").   A copy of the Final Judgment is attached hereto as **Exhibit A**.[1]

FACTS AS DETERMINED BY THE
SUPREME COURT OF JUSTICE FOR THE FEDERAL DISTRICT

8.      TAP is a provider of public air transportation.  In connection with the provision of such services, TAP provides for the transportation of passengers and cargo via helicopter on a daily basis.

9.      Bell is in the business of manufacturing and marketing helicopters.  In or about 2000 and 2001, Bell operated a marketing office in Mexico City, Mexico.

---

[1] All attachments hereto were translated by an official Spanish-English Court Interpreter and Translator, state-board certified and duly qualified by the Superior Court of Justice of Mexico, as set forth in Exhibit E.

10.     At all relevant times, TAP regularly provided air transportation services via helicopter to Pemex Exploracion y Produccion pursuant to a contract for services dated January 21, 2000.  Such services were provided in Ciudad del Carmen, Campeche and any other place of the Mexican Republic as might be requested.

11.     Pemex Exploracion y Produccion summoned a national public bid on or about February 22, 2000, for the purpose of securing a contract for air transportation services via helicopter for certain regions within the Republic of Mexico.

12.     TAP was invited by Pemex Exploracion y Produccion to participate in the bid process.

13.     In connection with its participation in the bid process, TAP negotiated with Bell, a manufacturer of helicopters, by and through Bell's agent in Mexico (Art McAnarney), for the purchase of four helicopters.

14.     In its negotiation for the purchase of the helicopters, TAP provided Bell with confidential information.

15.     Mr. McAnarney personally met with representatives of TAP in Mexico for the purpose of negotiating the sale.  Mr. McAnarney was, at all relevant times, aware of the purpose for which the helicopters were being purchased by TAP and the necessity of confidentiality concerning the information provided to it by TAP.

16.     TAP, by and through Enrique Zepeda Morales, in his capacity as President of TAP's Board of Directors, and Bell, by and through its agent, Mr. McAnarney, executed a contract for the purchase of four helicopters.

17.     Pursuant to the contract for sale, Bell agreed to deliver three of the four helicopters in May 2000.  Bell agreed to deliver the remaining helicopter in June 2000.

3

18.    Pursuant to and in reliance on the contract by and between TAP and Bell with respect to the purchase of the helicopters, TAP submitted a bid to Pemex Exploracion y Produccion for the performance of the services outlined in the request for proposal. The Letter of Intent and subsequent agreements by and between TAP and Bell were necessary components of TAP's bid and required by Pemex Exploracion y Produccion as a condition of TAP's participation in the bid process.

19.    Notwithstanding its contract with TAP, Bell failed and refused to deliver the helicopters in a timely manner, and unbeknownst to TAP, Bell also unilaterally informed Pemex Exploracion y Produccion and the other participants in the bid process that Bell did not intend to deliver the helicopters to TAP within the timelines to which it had previously agreed.

20.    Bell informed Pemex Exploracion y Produccion of its intent to act in breach of its contract with TAP for the purpose of ensuring that TAP would not be eligible for further participation in the bid process and, in doing so, disparaged TAP's reputation in Mexico's air transportation service industry.

21.    As a direct and proximate result of Bell's actions, Pemex Exploracion y Produccion informed TAP and its competitors in the bid process that TAP was no longer eligible to participate in the bid process by reason of its inability to perform.

22.    The proposal submitted by TAP in the bid process was the most economical and advantageous bid, and but for Bell's breach of contract, TAP would have been awarded the contract with Pemex Exploracion y Produccion.

23.    Because TAP was not eligible to continue its participation in the bid process as a result of Bell's breach, the contract with Pemex Exploracion y Produccion was awarded to

4

another company.  The company to which the contract with Pemex Exploracion y Produccion was awarded had significant commercial and economic ties to Bell.

24.    At no point during Bell's negotiations with TAP was TAP informed of Bell's existing conflict of interest.

## PROCEDURAL HISTORY

25.    TAP filed suit against Bell in the 44th Civil Court, United Mexican States, Superior Court of Justice for the Federal District, Mexico.  Bell was personally served with a copy of the Complaint.

26.    By and through its counsel of record, Jorge Hernandez Romo, Bell appeared, participated in discovery, and otherwise defended itself with respect to TAP's claims against it.

27.    An Interim Judgment was entered in favor of TAP on July 1, 2003, which was modified by resolution dated March 22, 2006, following an appeal by Bell.

28.    The Final Judgment was issued on March 22, 2006, by the Supreme Court of Justice of the Federal District of Mexico in a 209-page decision.  The Final Judgment in favor of TAP was entered in the amount of sixteen million five hundred and ninety-nine thousand nine hundred and twenty-four dollars ($16,599,924) and six million two hundred ninety three thousand one hundred ninety-eight pesos and twenty-two cents (6,293,198.22 pesos).   See **Exhibit A.**

29.    As set forth in the Judicial Bulletin dated May 3, 2006, based on finding issued by a proceeding dated May 2, 2006, Bell failed to voluntarily pay TAP in accordance with the Final Judgment.  A copy of the order is attached hereto as **Exhibit B**.

30.    On or about May 9, 2006, Bell, by and through counsel, filed its Presentation of Revokment Recourse in which Bell disputed the authority of the Mexican court to allow the

attachment of its property because Bell is domiciled in the United States of America.  A copy of the Presentation is attached hereto as **Exhibit C**.

31.    By Order dated May 26, 2006, Bell's Presentation of Revokment Recourse was declared inappropriate and the proceeding dated May 2, 2006, was confirmed in each particular. A copy of the May 26, 2006, Order is attached hereto as **Exhibit D**.

32.    To date, despite fully pursuing and exhausting the appellate process with respect to the determination of its liability, Bell has willfully failed and refused to satisfy the judgment rendered by the Supreme Court of Justice of the Federal District of Mexico in favor of TAP and has removed its assets from Mexico for the purpose of avoiding any collection efforts by TAP within Mexico.

COUNT I
(RECOGNITION OF FOREIGN JUDGMENT)
UNIFORM FOREIGN MONEY—JUDGMENTS RECOGNITION ACT,
10 Del. C. § 4801, *et seq.*

33.    The allegations in paragraphs 1 through 32 of this Verified Complaint are incorporated herein by reference.

34.    Foreign judgments are entitled to recognition under principles of comity.  In recognition of this fact, Delaware has adopted the Uniform Foreign Money-Judgment Recognition Act ("UFMJRA").

35.    The Final Judgment at issue in this action was rendered by the Supreme Court of Justice of the Federal District of Mexico, a foreign state as defined and set forth in the UFMJRA.

36.    The Final Judgment entered by the Supreme Court of Justice of the Federal District of Mexico is final and conclusive and enforceable where rendered.

37.    The Mexican courts, including but not limited to the Supreme Court of Justice of the Federal District of Mexico, had personal jurisdiction over Bell in the underlying action,

which arose out of and concerned the performance of Bell's business activities in Mexico by and through Bell's agents residing in Mexico.

38.    Bell, which appeared and was represented by counsel throughout the proceedings in Mexico, did not object to either the personal or subject matter jurisdiction of the Mexican courts.

39.    All issues presented to and before the Mexican courts in the underlying action were adjudicated in a manner that comports with traditional, American notions of due process.

40.    All proceedings in the underlying action were regularly held and preceded by due notice to the parties.

41.    Bell had a full and fair opportunity to present defenses to each of the claims raised by TAP in the underlying action and fully availed itself, through counsel, of such opportunities.

42.    The Final Judgment rendered by the Supreme Court of Justice of the Federal District of Mexico is supported by the documentary evidence and witness testimony presented to it as well as the duly cited decisional law.  The judgment is not in conflict with any other final or conclusive judgment and is not repugnant to the public policy of the State of Delaware.

COUNT II
(ENFORCEMENT OF FOREIGN JUDGMENT)

43.    The allegations in paragraphs 1 through 42 of this Verified Complaint are incorporated herein by reference.

44.    The Final Judgment in the underlying above-captioned *Transportes Aereos Pegaso S.A. DE C.V. v. Bell Helicopter Textron, Inc.*, Docket No. 145/2001, is a valid and enforceable judgment under Delaware law and is therefore subject to enforcement by this Court.

45.    Pursuant to the Final Judgment entered by the Supreme Court of Justice of the Federal District of Mexico, TAP is entitled to damages from Bell in the amount of sixteen

7

million five hundred and ninety-nine thousand nine hundred and twenty-four dollars ($16,599,924) and six million two hundred ninety three thousand one hundred ninety-eight pesos and twenty-two cents (6,293,198.22 pesos), plus interest.

46.     Bell has assets capable of satisfying the Final Judgment in favor of TAP. Therefore, Bell should be ordered to satisfy the judgment and TAP should be permitted to enforce the judgment against Bell's assets within the United States.

WHEREFORE,  Plaintiff respectfully requests that this Court enter an Order:

a.     Recognizing the Final Judgment entered by the Supreme Court of Justice of the Federal District of Mexico in *Transportes Aereos Pegaso S.A. DE C.V. v. Bell Helicopter Textron, Inc.*;

b.     Enforcing the Final Judgment entered by the Supreme Court of Justice of the Federal District of Mexico in *Transportes Aereos Pegaso S.A. DE C.V. v. Bell Helicopter Textron, Inc.*, against Defendant;

c.     Requiring Defendant to satisfy the recognized Final Judgment out of its assets; and

WCSR 3991328v3

d.      Awarding such other and further relief that this Court deems appropriate, including, but not limited to, interest accruing on the Final Judgment from its date of entry and attorneys' fees and costs.

Dated: December 19, 2008
      Wilmington, Delaware               Womble Carlyle Sandridge & Rice, PLLC

                     /s/ Matthew P. Ward
                     Matthew P. Ward (No. 4471)
                     John H. Strock (No. 4965)
                     222 Delaware Avenue, Suite 1501
                     Wilmington, DE 19801
                     Telephone:  (302) 252-4320
                     Facsimile:  (302) 252-4330

                     *and*

                     Sandi R. Wilson (Fed. ID No. 7477)
                     Keith D. Munson (Fed. ID No. 6843)
                     550 S. Main Street, Suite 400
                     P.O. Box 10208
                     Greenville, SC 29603
                     Telephone:  (864) 255-5400
                     Facsimile:  (864) 255-5440
                     *Attorneys for Plaintiff*