# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Transportes Aereos Pegaso, S.A. de C.V., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Bell Helicopter Textron Inc., | : | No. 08-959 |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                       **JULY 10, 2009**

Presently before the Court is the Motion for Reconsideration filed by Plaintiff Transportes Aereos Pegaso, S.A. de C.V. ("Pegaso") requesting that this Court reconsider, alter, and/or amend its May 29, 2009 Order granting summary judgment in favor of Defendant Bell Helicopter Textron Inc. ("Bell"). For the reasons set forth below, the Motion for Reconsideration is denied.

**I.    FACTS**

The full factual background of this case can be found in this Court's May 29, 2009 Memorandum, Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron Inc., No. 08-959, 2009 WL 1585996 (E.D. Pa. May 29, 2009). We reiterate below only the facts and procedural history relevant to the present Motion for Reconsideration.

On March 5, 2001, Pegaso sued Bell in Mexico City Civil Court in conjunction with a previous arrangement for the sale of helicopters. The lawsuit was assigned to Judge Justino Angel Montes de Oca of the Forty-Fourth Civil Court, United Mexican States, Superior Court of Justice for the Federal District, Mexico. On February 21, 2002, Judge Montes de Oca issued a ruling finding that Bell was liable to Pegaso for breach of contract and held Bell liable for compensatory

damages in the amount of Pegaso's lost profits. After a lengthy appeals process, Pegaso initiated a proceeding for damages quantification in the original trial court, in front of Judge Montes de Oca. Both parties requested and received permission to submit expert reports from accounting experts with respect to the amount of damages. The damages calculations in those expert reports differed by more than ten million dollars. On June 12, 2003, after noting the conflict in the damages calculation, Judge Montes de Oca appointed Guillermo Aguilera Galindo ("Aguilera Galindo"), ostensibly to act as an independent expert. Bell contends that immediately after his appointment, Aguilera Galindo solicited a bribe from Bell and made it clear that he would sway his opinion for Bell in return for a monetary payment. Bell further contends that Aguilera Galindo was later relieved that Bell had not accepted the bribe because he had met with Judge Montes de Oca in the interim, and the judge had asked him for help with the case, as a personal favor, because he had a "personal interest" in the case. Bell further claims that Aguilera Galindo stated that as a result of his conversation with Judge Montes de Oca, there was no way he could issue an opinion favorable to Bell.

On or about July 7, 2003, Aguilera Galindo rendered a report, which not only agreed with Pegaso's expert, but found an even greater amount of damages, in excess of sixteen million dollars. Judge Montes de Oca adopted that report and entered a judgment. It is this judgment that Pegaso seeks to have enforced before this Court. Bell has failed to satisfy the judgment rendered by Judge Montes de Oca and has removed its assets from Mexico to avoid any collection efforts by Pegaso within Mexico. As a result, on December 19, 2008, Pegaso filed the instant lawsuit, requesting that this Court enforce the judgment pursuant to the Uniform Foreign Money-Judgment Recognition Act ("UFMJRA"). On February 2, 2009, Bell filed an Answer to Pegaso's

Complaint and a Motion for Summary Judgment.  By Order of May 29, 2009, this Court granted Bell's Motion for Summary Judgment.  On June 8, 2009, Pegaso filed its Motion for Reconsideration asking this Court to reconsider its grant of summary judgment.  Bell filed its Response in Opposition to Plaintiff's Motion for Reconsideration on June 17, 2009.  Pegaso filed a Reply to Bell's Response on June 26, 2009.  Thereafter, Bell filed a Motion for Leave to File a Sur-Reply on July 1, 2009.  This Court granted Bell's Motion for Leave to File a Sur-Reply and now considers the arguments presented by both parties.

## II.     DISCUSSION

Pegaso advances several arguments in support of its Motion to Reconsider.  First, Pegaso argues that this Court committed a clear error of law by drawing factual inferences in favor of Bell, the moving party, instead of in favor of Pegaso, the non-moving party.  Second, Pegaso asserts that this Court should recognize and enforce the liability portion of the Mexican judgment, separate and apart from the damages portion.  Next, Pegaso argues in its Reply Brief that this Court erred by failing to apply the clear and convincing evidence standard to Bell's allegations of fraud.  As a result of this Court's failure to apply a clear and convincing evidence standard, Pegaso asserts that we have improperly switched the burden of proof from Bell, the party asserting fraud, onto Pegaso.  Lastly, Pegaso argues that if this Court is not inclined to alter its previous Opinion, then this Court should certify the following two questions to the Delaware Supreme Court:

> 1. When the enforcement of a foreign judgment is challenged under § 4804 of Delaware's Uniform Foreign Money Judgments Recognition Act on the basis of fraud, which party bears the burden of proof?

3

> 2. Under § 4804, if a judgment debtor has the burden of proving fraud in order to avoid enforcement of a foreign judgment, what is the proper level of proof that the judgment debtor must satisfy in order to avoid enforcement of the foreign judgment on such a basis?

Pursuant to Rule 59(e), "a motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Third Circuit has made clear that a court may alter a judgment where the movant shows: (i) an intervening change in the controlling law; (ii) the availability of new evidence that was not available when the court issued its order; or (iii) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café ex. rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used as a vehicle for presenting new arguments that could have been advanced earlier and may not be used to ask a court to simply re-think its prior decision. See St. Louis v. Morris, 573 F. Supp. 2d 846, 854 (D. Del. 2008). Federal courts have a strong interest in the finality of judgments, and motions for reconsideration should be granted sparingly. Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Dissatisfaction with the court's ruling is not a proper basis for reconsideration. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Initially, we note that Pegaso's argument that this Court should enforce the liability portion of the Mexican judgment even if we decline to enforce the damages portion is a new argument that is being raised for the first time in Pegaso's Motion for Reconsideration. (Mot. for Recons. ¶ 2.) This argument appears nowhere in Pegaso's prior pleadings. As such, this argument is not a proper basis upon which a court may grant a motion for reconsideration. See

Lechliter v. Dep't of Def., No. 03-1016, 2005 WL 3654213, at *1 (D. Del. Aug. 24, 2005) (citing Schering Corp. v. Amgen, Inc., 25 F. Supp. 2d 293, 295 (D. Del. 1998)).

Furthermore, with the exception of the certification question, Pegaso's remaining arguments have already been decided by this Court, as set forth in this Court's Memorandum and Order of May 29, 2009.  For example, Pegaso has previously presented the argument, in its opposition to Bell's Motion for Summary Judgment, that Bell should be required to prove fraud by clear and convincing evidence before summary judgment can be properly granted in its favor.  This Court has already considered and rejected Pegaso's argument in the context of this case, and a detailed analysis of this issue appears in the Memorandum of May 29, 2009.  See Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron Inc., No. 08-959, 2009 WL 1585996, at *15-17 (E.D. Pa. May 29, 2009).  As we explained in our previous Memorandum, neither Rule 9(b), nor any Delaware case interpreting the UFMJRA, supports Pegaso's assertion that a clear and convincing evidence standard should be applied.  Id.  In fact, the only Delaware case interpreting fraud within the context of the UFMJRA required the moving party to present enough evidence such that the court was not satisfied that the judgment was not fraudulent.  See id. at *15-16, Abd Alwakhad v. Amin, No. L-21-489, 2005 WL 2266662, at *3 (Del. Super. Ct. Sept. 14, 2005).  Thus, this Court has already rejected Pegaso's contention that the clear and convincing evidence standard is the proper standard to be applied to this case.  A party may not use a motion for reconsideration to request that a court re-think issues that it has already decided.  See St. Louis, 573 F. Supp. 2d at 854.  As such, this is not a proper basis for reconsideration.

Similarly, Pegaso's contention that this Court improperly drew factual inferences in favor of Bell, the moving party in summary judgment, is also without merit.  Pegaso's argument

assumes that this Court took as true the evidence of fraud that Bell presented in support of its Motion for Summary Judgment. This is not so. This Court, in rejecting Pegaso's clear and convincing evidence argument, found that Bell must present enough evidence of fraud so that this Court is not satisfied that the Mexican judgment was not obtained by fraud. Because of the scant Delaware case law available on the issue, we adopted this standard from Amin, and in light of this standard, we held only that, viewing the evidence as a whole, Bell presented enough evidence to satisfy its burden. See Amin, 2005 WL 2266662, at *3. This Court never made an affirmative finding of fraud and was not required to under the applicable standard. See id. Instead, we found only that Bell had produced evidence such that this Court was not satisfied that the judgment was not obtained by fraud. Furthermore, the burden of proof remained, at all times, on Bell. Therefore, Pegaso's assertion that this Court shifted the burden from Bell, the party asserting the fraud, to Pegaso, is equally unavailing.

Finally, we address Pegaso's request to certify two questions of law to the Delaware Supreme Court. Certification to the Delaware Supreme Court is governed by Rule 41 of Delaware's Supreme Court Rules. The Rule states:

> (ii) *Other entities.* The Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court, the United States Securities and Exchange Commission, or the Highest Appellate Court of any other State may, on motion or sua sponte, certify to this Court for decision a question or questions of law arising in any matter before it prior to the entry of final judgment or decision if there is an important and urgent reason for an immediate determination of such question or questions by this Court and the certifying court or entity has not decided the question or questions in the matter.

Del. Sup. Ct. R. 41(a)(ii). Thus, a U.S. District Court may certify a question to the Supreme Court

of Delaware where the certifying court has not decided the matter, and where there is an "important and urgent reason for an immediate determination" by the Supreme Court. See id.[1] As noted above, Pegaso seeks to have the following two questions certified to the Delaware Supreme Court:

> 1. When the enforcement of a foreign judgment is challenged under § 4804 of Delaware's Uniform Foreign Money Judgments Recognition Act on the basis of fraud, which party bears the burden of proof?
>
> 2. Under § 4804, if a judgment debtor has the burden of proving fraud in order to avoid enforcement of a foreign judgment, what is the proper level of proof that the judgment debtor must satisfy in order to avoid enforcement of the foreign judgment on such a basis?

(Pl.'s Reply at 7.) These questions have both been addressed and fully answered in this Court's May 29, 2009 Memorandum. See U.S. v. Anderson, 669 A.2d 73, 79 (Del. 1995) (stating "this Court should answer certified questions when the answer may be determinative of the outcome in the underlying litigation in the certifying court. . . .") As to the first question, it is well-settled that the party asserting fraud bears the burden of proof. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). As to the second, the Delaware case law interpreting fraud under the UFMJRA holds that the party alleging fraud bears the burden of producing enough evidence such that the court cannot say that the judgment was not obtained through fraud. See Amin, 2005 WL

---

[1] As explained in Rales v. Blasband, 634 A.2d 927, 931 n. 5 (Del. 1993), Article IV, Section 11(9) (currently Del. C. Ann. Const., Art. 4, § 11) of the Delaware Constitution was amended in January 1993 to allow certification to the Delaware Supreme Court for questions meeting the criteria of Supreme Court Rule 41(b). That Rule states, in part, "[c]ertification will be accepted in the exercise of the discretion of the Court only where there exist important and urgent reasons for an immediate determination by this Court of the questions certified. . . ." Del. Sup. Ct. R. 41(b). As we have already decided the issues that Pegaso wishes to have certified, we see no "important" or "immediate" need for Supreme Court Certification. Therefore, this amendment does not affect our decision.

2266662, at *3.  Thus, the burden and the standard are clear.  The party asserting fraud must produce enough evidence so that the court is not satisfied that the judgment was a proper judgment, not obtained by fraud.  The party asserting fraud must satisfy this burden before a court can properly refuse to recognize a foreign judgment on the basis of fraud.  This Court's May 29, 2009 Memorandum made clear that Bell, the party asserting fraud, bore the burden of proof, and determined that Bell had met its burden by presenting enough evidence that this Court was not satisfied that the Mexican judgment had not been fraudulently obtained.  As these questions have already been answered in accordance with the law available on the issue, we see no "important and urgent reason for an immediate determination" of these issues before the Supreme Court of Delaware.  Del. Sup. Ct. R. 41(a)(ii).

      An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Transportes Aereos Pegaso, S.A. de C.V., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | |
| Bell Helicopter Textron Inc., : | No. 08-959 |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

    **AND NOW**, this   10th   day of July, 2009, in consideration of the Motion for Reconsideration filed by Plaintiff Transportes Aereos Pegaso, S.A. de C.V. (Doc. No. 35), along with the responses and replies thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

    BY THE COURT:

     /s/ Robert F. Kelly
    ROBERT F. KELLY
    SENIOR JUDGE